FILED

**NOT FOR PUBLICATION**

DEC 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN WESLY CELESTIN, | No. 06-73812 |
| Petitioner, | Agency No. A098-510-452 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner John Celestin, a native and citizen of Haiti, seeks review of an

order from the Board of Immigration Appeals ("BIA") dismissing Celestin's

appeal from an immigration judge's ("IJ") denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Where the BIA adopts and affirms the IJ's order under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, this court reviews the IJ's order as if it were the BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc). This court reviews legal questions de novo and factual findings under the "substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (*quoting* 8 U.S.C. § 1252(b)(4)(B)).  This court reviews a denial of asylum, withholding of removal, or protection under CAT for substantial evidence.  *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

Celestin claims that the IJ failed to make an adverse credibility finding and that his testimony should therefore  be credited as true.  This claim fails because the IJ explicitly found that Celestin lacked credibility because his testimony was far less specific than his written declaration and because he was unable to describe the police strategies that rebels had asked him about.  The IJ further found that

---

[1]  Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

Celestin needed to provide corroborating evidence to bolster his testimony. These reasons constitute substantial evidence in support of the IJ's findings. *See Sidhu v. I.N.S.*, 220 F.3d 1085, 1092 (9th Cir. 2000) (holding that this court will uphold an IJ's adverse credibility finding where the IJ had reason to question the alien's credibility and the alien failed to produce easily available corroborating evidence); *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1153 (9th Cir. 1999) (upholding the IJ's adverse credibility finding based in part of lack of specificity).

Because the BIA properly denied Celestin's asylum and withholding of removal petitions on the basis of adverse credibility, we decline to address the merits of those claims. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Celestin's claim under CAT was based entirely upon the same evidence he submitted in support of his claim for asylum. Because substantial evidence supported a denial of asylum based on adverse credibility, it likewise supports a denial of protection under CAT. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

We deem any of Celestin's remaining claims waived because he failed to address them in the argument section of his brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DENIED**.